**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOSUE ALEXANDER CEDENO REYES,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**CHRISTOPHER BULLOCK, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement; Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Officer in Charge, ICE ENFORCEMENT & REMOVAL OPERATIONS, Nashville Field Office,**<br><br>**Respondents.** | ) | **No. 3:26-cv-01648** |

## ORDER

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No. 7), and his Emergency Motion to Enjoin Respondents from Removing Petitioner from the United States (Doc. No. 10).

The motion and petition allege that Petitioner was taken into ICE custody in Nashville on November 3, 2026; that Petitioner was moved to the Central Louisiana ICE Processing Center in Jena, Louisiana on November 7, 2026; that he was told he is going to be deported; and that Respondents are detaining him under 8 U.S.C. § 1225(b)(2)(A). The Petition presents a substantial meritorious claim under Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), and deportation before expedited review could cause irreparable harm and unnecessarily complicate the Court's

habeas review. Having considered the motion, the verified Petition for Writ of Habeas Corpus, the exhibits, and the applicable law, the Court finds, for purposes of this interim relief only, that Petitioner is like to succeed on the merits of his claims that his November 3, 2026, detention is unauthorized by 8 U.S.C. § 1226(a) and/or violates the Due Process Clause of the Fifth Amendment; that he is likely to suffer irreparable harm if he is deported outside of the United States before the Court can obtain the custody record and consider the Petition; and that the balance of equities and the public interest favor preserving the status quo.

Pending further order of the Court, Respondents and all persons acting in concert with them who receive actual notice of this Order are temporarily restrained from deporting him outside of the United States.

The motion is therefore GRANTED, and the Court rules as follows:

1. Respondents, their officers, agents, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, shall not deport or remove Petitioner from the United States while this Order is in effect, unless the Court directs otherwise.
2. Respondents' counsel shall notify Petitioner's counsel by email within twenty-four (24) hours of any change in Petitioner's custodial location. Respondents shall file, with their first response in this action, a notice identifying Petitioner's present location and immediate custodian.
3. No security is required under Federal Rule of Civil Procedure 65(c).
4. This Order takes effect upon notice. Petitioner's counsel shall serve a copy of this Order on Respondents and file on the docket when service is made. This Order shall remain

in effect for fourteen (14) days from its entry unless extended by the Court for good cause or by consent. Fed. R. Civ. P. 65(b)(2).

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE