**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOSUE ALEXANDER CEDENO REYES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:26-cv-01743** |
| **v.** | ) | |
| | ) | |
| **CHRISTOPHER BULLOCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Josue Alexander Cedeno Reyes's ("Cedeno") Petition for Writ Habeas Corpus pursuant to 28 U.S.C § 2241, seeking an order of immediate release from detention. (Doc. No. 7). The Government has filed its Response. (Doc. No. 16). The Court will drop all Respondents besides Christopher Bullock, as they are not necessary to the suit. (Doc. No. 17 at 1). For the following reasons, the writ will be granted.

## I. Introduction

Cedeno was arrested and taken into Immigration and Customs Enforcement ("ICE") custody on November 3, 2026 while voluntarily appearing for a routine supervisory ICE check-in. (Doc. No. 7 at 2). Cedeno is a native and citizen of Venezuela. He entered the United States in September of 2023, at the age of 16, and obtained a work permit which is valid through December 12, 2030. (Id.) After he entered the United States, he lived in the community for more than three years. (Id.) To date, he has not missed ICE check-ins or violated reporting or supervision requirements. (Id.) His immigration proceedings remain pending, and no immigration judge has

entered a final order of removal against him. (Doc. No. 1 at 4). He represents that his next asylum-related immigration court hearing is on March 29, 2027. (Id.)

Cedeno filed this case seeking a writ of habeas corpus on November 3, 2026, claiming that his detention is unlawful because Respondent lacks lawful authority to detain him under 8 U.S.C. § 1225(b)(2)(A). (Id. at 33). He also filed an Emergency Motion for Temporary Non-Transfer (Doc. No. 2) requiring the Respondent not to transfer him out of the Middle District of Tennessee. The Court appointed Michael C. Holley to represent Cedeno on November 3, 2026. (Doc. No. 6). On November 6, 2026, Cedeno filed an Amended Petition (Doc. No. 7), and on November 8, 2026, he filed an Emergency Motion to Enjoin Respondents from Removing Petitioner from the United States (Doc. No. 10). The Court granted Cedeno's Emergency Motion on November 8, 2026. (Doc. No. 14).

Respondent states that Cedeno was sent to the Western Tennessee Detention Facility in Mason, Tennessee on November 3, 2026, and then to the Central Louisiana ICE Processing Center, in Jena, Louisiana, on November 7, 2026. (Doc. No. 16 at 1–2). Respondent requested a custody redetermination before an immigration judge in Jena, Louisiana on November 13, 2026, and it was denied because the court did not have jurisdiction pursuant to Fifth Circuit case law, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). (Id. at 2–3).

## II. **Discussion**

Cedeno invokes § 1226(a), which allows for release or a bond hearing. (Doc. No. 7 at 2–4). He believes he should not be detained under § 1225(b)(2)(A), which requires mandatory detention. (Id.) Respondent concedes that Cedeno is subject to § 1226(a)'s discretionary detention framework. (Doc. No. 16 at 2). Respondent requests that Cedeno's petition be granted in part and denied in part to allow for a bond hearing directing the immigration judge to apply Sixth Circuit

case law, since Cedeno was previously denied a bond hearing under Fifth Circuit case law. (Id. at 4). Further, Respondent states that Cedeno "may" not be eligible for bond under 8 USC § 1226(c)(1)(E), because Cedeno has a misdemeanor conviction. (Id. at 3). Lastly, Respondent argues that service of the Verified Petition has not been confirmed. (Id. at 1).

The Court will begin with Respondent's failure of service argument. As of November 13, 2026, a certificate of service was filed by Cedeno's counsel. (Doc. No. 15). The service requirements of Rule 4 are in place to ensure a defendant receives notice of pending litigation. Here, Respondent made an appearance on November 6, 2026 (Doc. No. 9), and filed a Response to Cedeno's allegations (Doc. No. 16). There is no question that Respondent received notice of this matter.

Next, Respondent knows that the Sixth Circuit has held that noncitizens are entitled to bond hearings to challenge their detention. Lopez-Campos v. Raycraft, 175 F.4th 713, 734 (6th Cir. 2026). Respondent even admits that Lopez-Campos "controls the outcome of this matter" and that while Cedeno received a custody redetermination, it was in Louisiana under controlling Fifth Circuit law, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). (Doc. No. 16 at 3). As a result, Respondent requests that the Court order that Cedeno be afforded a bond hearing under Sixth Circuit law, pursuant to Lopez-Campos. (Id. at 4).

The Court declines that request. The Court finds that Respondent violated Cedeno's due process rights and orders that he be released. Cedeno "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. And, "ICE's decision to detain [Cedeno] without a bond hearing violated that liberty interest [to be free from detention], which cannot be casually tossed aside. Thus, [Cedeno] is entitled to immediate release." Chavez Ortiz v. West Tennessee Detention Facility, 2026 WL 2455344, at *2 (W.D. Tenn. Aug. 21, 2026).

While the Court retains the power to order a bond hearing or order immediate release, the Court finds that the latter approach is more appropriate in this instance. This is because Cedeno's due process rights have been violated as he is currently unlawfully detained, and "[a] bond hearing after the fact, by definition, would not and cannot cure that constitutional violation." Guerrero Quintero v. Bullock, No. 3:26-CV-00692, 2026 WL 1764080, at *2 (M.D. Tenn. June 18, 2026) (quoting Yao v. Almodovar, 813 F. Supp. 3d 461, 477 (S.D.N.Y. 2025)); see also Villafranca Lara v. Ladwig, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a)."). The immigration judge in Louisiana denied a custody redetermination stating that the "court does not have jurisdiction in this case" pursuant to Buenrostro-Mendez. (Doc. No. 16-1 at 15). Thus, the only acceptable remedy is to transfer Cedeno back to the Middle District of Tennessee and release him.

Respondent mentions that Cedeno has a misdemeanor conviction for criminal impersonation, that "may fall under 8 USC § 1226(c)(1)(E)." (Doc. No. 16 at 3). Section 1226(c)(1)(E) states that the Attorney General can take custody of a noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C.A. § 1226(c)(1)(E). However, Cedeno was convicted of criminal impersonation, which does not fall within the criminal acts of § 1226(c)(1)(E). Because he is not currently "charged with," "arrested for," or "convicted of" any of the above offenses, he is not subject to § 1226(c)(1)(E).

More importantly, Cedeno was not detained under 8 U.S.C. § 1226(c)(1)(E), as Respondent says "he may fall under." He was detained, as Respondent concedes, under § 1225(b)(2), for being an "applicant for admission" when he should have been detained under § 1226(a). (Doc. Nos. 16 at 2, 16-1 at 12). Because Cedeno is subject to § 1226(a), he had the right to an individualized, pre-deprivation bond hearing. Lopez-Campos, 175 F.4th at 734. Respondent did not provide him with a bond hearing under the applicable law, and he must be immediately released.

For the reasons stated above, the Petition is **GRANTED** to the extent it requests the immediate release of Cedeno. Respondent shall, at the Government's expense, transfer Cedeno back to the Middle District of Tennessee by no later than 12:00 noon CST on Tuesday, November 24, 2026, with all possessions, property, and documents that Petitioner had at the time he was taken into custody. Cedeno's civil administrative detention is governed by 8 U.S.C. § 1226(a), as mandated by Lopez-Campos. Respondent is permanently enjoined from re-detaining Cedeno without bond under 8 U.S.C. 1225(b)(2)(A).

The Court dismisses the Petition (Doc. No. 1) as to all Respondents other than Christopher Bullock, and the Clerk shall terminate all of the other Respondents as respondents.

The Government shall file a Status Report with the Court no later than 4:00 p.m. CST on **November 24, 2026** to certify compliance with this Order.

All other relief requested in the petition is **DENIED**.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE